A. L. MIZELLE v. B. A. CRITCHER, COMMISSIONER, GILBERT ROGERSON AND ETHEL M. ROGERSON.

(Filed 3 March, 1943.)

Judgments § 29—

A commissioner, appointed by a judgment of court and directed therein to convey certain lands in controversy to a specified person, is without power to convey the lands to any other person and his deed to another is void.

APPEAL by defendants from Dixon, Special Judge, at November Term, 1942, of MARTIN. Affirmed.

This was an action to declare void a deed made by the defendant Critcher as commissioner to defendant Ethel M. Rogerson.

From judgment for plaintiff defendants appealed.

H. L. Swain for plaintiff, appellee.
B. A. Critcher and H. G. Horton for defendants, appellants.

DEVIN, J. It was admitted in the pleadings that under a judgment heretofore rendered in the Superior Court of Martin County, in an action entitled "Eli Bowen and others v. A. L. Mizelle," the present defendant B. A. Critcher was appointed commissioner of the court and ordered to convey a one-half interest in the land in controversy in that suit to the plaintiff A. L. Mizelle upon the payment to the said commissioner of the sum of two hundred and fifty dollars. It was also admitted that instead of conveying the land to the plaintiff the commissioner conveyed the land to defendant Ethel M. Rogerson, who is the daughter of the plaintiff. This was done without authority from the plaintiff.

We agree with the court below that the commissioner was without power to convey the land to any person other than to the plaintiff, and

that his deed to the defendant Ethel M. Rogerson was inoperative and void. The judgment under which he acted fixed the limits of his authority. There was no evidence sufficient to require its submission to the jury that the plaintiff had authorized or acquiesced in the conveyance to the defendant Rogerson, or that he had in any manner conveyed his interest in the land to her or her husband.

It was accordingly adjudged that the deed to the defendant Rogerson was void, and the defendant B. A. Critcher, Commissioner, was directed to convey the one-half interest in the land to the plaintiff upon the payment by the plaintiff to the commissioner of the sum of $135.00. This amount appears to have been agreed to in view of the amounts received by defendants Rogerson from the rents of the land, and there was no exception to this part of the judgment brought forward in the appeal. The commissioner seems to have acted under a misapprehension in the attempted conveyance to Ethel M. Rogerson, and no costs were taxed against him.

We think the case has been correctly decided, and the judgment of the Superior Court is

Affirmed.